**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EFFICIENTIP, INC.<br>1 South Church Street, Suite 400<br>West Chester, Pennsylvania 13882<br><br>        Plaintiff,<br><br>  v.<br><br>KENNETH T. CUCCINELLI, Senior Official<br>Performing the Duties of the Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>CHAD WOLF, Acting Secretary<br>U.S. Department of Homeland Security<br>650 Massachusetts Avenue, NW<br>Washington, DC 20001<br><br>GREGORY A. RICHARDSON, Director<br>U.S. Citizenship and Immigration Services<br>Texas Service Center<br>4141 North St. Augustine Road<br>Dallas, TX 75227<br><br>        Defendants. | Civil Action No. 1:20-cv-1455 |

**COMPLAINT**

**Introduction**

1.    Plaintiff EfficientIP, Inc. ("EfficientIP USA") challenges the unlawful denial of its nonimmigrant Form I-129 petition (SRC-20-035-50351) seeking approval of L-1B classification on behalf of Mr. Charles Hong under 8 U.S.C. § 1101(a)(15)(L).

2.    EfficientIP, Inc. is a wholly-owned subsidiary of the privately-held company, EfficientIP S.A.S. ("EfficientIP France"), a French company active in the development and smart automation of Direct Dial In (DDI) and network configurations for secure network

infrastructures.

3.  EfficientIP USA is the world's fastest growing DDI vendor, helping organizations to drive business efficiency through agile, secure and reliable network infrastructures. EfficientIP USA's unified management framework for DDI and network configurations ensures end-to-end visibility, consistency control and advanced automation.

4.  As described in its initial petition to U.S. Citizenship and Immigration Services (hereinafter "USCIS" or "the Service"), EfficientIP USA seeks to employ Mr. Hong in the specialized knowledge position of Senior IT Developer[1], responsible for supervising the development of EfficientIP USA products; training and mentoring team members within the U.S.; researching and designing new computer and network security solutions; leading projects; and developing high-level architectural design and patterns, among other responsibilities. Mr. Hong was specifically chosen by EfficientIP USA for this position due to his unique knowledge of U.S. vendor networks and how EfficientIP's very specific tools and processes are to be applied within the technological platform environment for each vendor. Mr. Hong's specialized knowledge of EfficientIP tools and software such as NetChange, Network Simulator, Custom Development, Hotfix, and 360˚ Domain Name System (DNS), as well as his background in the automation of software validation for EfficientIP's proprietary tools, are essential for EfficientIP USA's business sustainability and growth. *See* EfficientIP_L-1B_Record 031-035[2].

5.  On February 19, 2020, USCIS denied the L-1B petition that EfficientIP USA filed on November 6, 2019, concluding that documents in the record "have not established that the beneficiary is qualified to perform the intended services in the United States"; "have not established that the beneficiary has been employed abroad in a position that was managerial,

---

[1] The Denial notice incorrectly states that the proposed position is an "IT Auditor."
[2] EfficientIP_L-1B_Record_001-548 is attached hereto as Exhibit A.

executive, or involved specialized knowledge"; and that "the record is insufficient to establish that the U.S. position Senior Developer involves a special or advanced level of knowledge in the information technology infrastructure field." *See* EfficientIP_L-1B_Record 541-548.

6. The denial of the petition by USCIS runs counter to, and fundamentally disregards, substantial evidence in the record. The decision is arbitrary and capricious and an abuse of the agency's discretion, and not in accordance with the law.

7. Plaintiff EfficientIP USA seeks an order overturning the denial and requiring USCIS to adjudicate and approve its L-1B nonimmigrant petition.

**Jurisdiction and Venue**

8. This is a civil action brought under 5 U.S.C. §§ 702, 704 of the Administrative Procedure Act ("APA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question subject matter jurisdiction) and 28 U.S.C. § 1361. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201–02. The United States waives sovereign immunity under 5 U.S.C. § 702.

9. Venue is proper under 28 U.S.C. § 1391(e)(1)(A) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Defendants reside.

**Parties**

10. Plaintiff EfficientIP USA is a Delaware corporation headquartered in West Chester, PA.

11. Defendant USCIS is a component of the U.S. Department of Homeland Security ("DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1).

USCIS adjudicates petitions for immigration benefits, and denied the nonimmigrant petition EfficientIP USA filed on behalf of Mr. Hong.

12. Defendant Kenneth T. Cuccinelli is the Senior Official Performing the Duties of the Director. He has ultimate responsibility for the denial of EfficientIP USA's petition and is sued in his official capacity.

13. Defendant Chad Wolf is the Acting Secretary of DHS, and is sued in his official capacity.

14. Defendant Gregory A. Richardson is the Director of the Texas Service Center, and is sued in his official capacity. He leads the specific office within USCIS that adjudicated the petition.

## Legal Framework

15. The Immigration and Nationality Act ("INA") provides L-1B classification for foreign nationals who have been, in pertinent part, "employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services the same employer or a subsidiary or affiliate thereof in a capacity that … involves specialized knowledge." 8 U.S.C. § 1101(a)(15)(L).

16. For purposes of 8 U.S.C. § 1101(a)(15)(L), an alien is considered to be serving in a capacity involving specialized knowledge with respect to a company if the alien has a special knowledge of the company product and its application in international markets or has an advanced level of knowledge of processes and procedures of the company. Specialized knowledge is further defined as "special knowledge possessed by an individual of the petitioning organization's product, service, research, equipment, techniques, management, or other interests

and its application in international markets, or an advanced level of knowledge or expertise in the organization's processes and procedures." 8 C.F.R. § 214.2(l)(ii)(D).

17. In accordance with Matter of Chawathe, 25 I&N Dec. 369, 375-376 (AAO 2010), except where a different standard is specified by law, a petitioner in administrative immigration proceedings must demonstrate by a preponderance of the evidence that the petition meets each eligibility requirement for the benefit sought. "[E]ven if the director has some doubt as to the truth, if the petitioner submits relevant, probative, and credible evidence that leads the director to believe that the claim is 'probably true' or 'more likely than not,' the applicant or petition has satisfied the standard of proof. See INS v. Cardozo-Fonseca, 480 U.S. 421 (1987) (defining "more likely than not" as a greater than 50 percent probability of something occurring).

**Factual Allegations**

18. USCIS accepted an L-1B nonimmigrant petition filed by Plaintiff on behalf of beneficiary Mr. Charles Hong on November 6, 2019.

19. Mr. Hong has been employed by the foreign French parent company, EfficientIP France in the specialized knowledge position of Lead Software Engineer since November 2012. See EfficientIP_L-1B_Record 032.

20. Mr. Hong has obtained highly specific knowledge related to the EfficientIP France's products and multiple vendors' networks, including expert-level knowledge in software, proprietary processes, solutions, and tools used to implement the company's projects. This includes: NetChange, Network Simulator, Custom Development, Hotfix, 360˚ DNS, as well as automation of software validation of EfficientIP's proprietary tools. See EfficientIP_L-1B_Record 031-035.

21. In Plaintiff's initial filing, submitted on November 6, 2019, EfficientIP USA included the following documents to demonstrate Mr. Hong is employed and will be employed in a position requiring specialized knowledge:

- A letter of support signed by the CEO of EfficientIP USA, describing the qualifying relationship between EfficientIP France and EfficientIP USA, Mr. Hong's specialized knowledge of the company's products and services along with his current job duties at the qualifying entity abroad (EfficientIP France) and Mr. Hong's proposed duties for the specialized knowledge position in the United States;

- Selection of Statements of Work for various projects undertaken by EfficientIP USA and EfficientIP France for clients in the United States and Canada, which included detailed project descriptions, specifications, and timelines for each project phase;

- EfficientIP USA's written consent from the Board of Directors showing that it is a wholly-owned subsidiary of EfficientIP France, with additional corporate information;

- Supporting documents to demonstrate that EfficientIP USA is doing business within the meaning of the regulations, including: federal tax return for 2017 and tax return extension application for 2018, profit and loss states for 2018, sample contracts with EfficientIP USA clients, and lease agreement;

- Supporting documents to demonstrate that EfficientIP France is doing business within the meaning of the regulations, including: French tax certificate as proof of compliance with French tax obligations, and sample contracts with EfficientIP

        France clients amongst other evidentiary documentation.

22.     As the Plaintiff described in its initial letter of support and the subsequently filed Employer Response Letter, the position of Senior IT Developer is a specialized knowledge position requiring highly specific knowledge of the company's products and multiple vendor networks that cannot be easily obtained, taught, or transferred in a similar field in comparison. Moreover, Plaintiff described in detail the technologies and projects for which Mr. Hong holds expert-level knowledge, including projects where he is the *only* individual in the company with substantial hands-on knowledge and extensive experience working with a specific set of technologies crucial to EfficientIP's business operations and clients. *See* EfficientIP_L-1B_Record 031-035; EfficientIP_L-1B_Record 346-349.

23.     Customers who purchase EfficientIP products typically request the company to deploy and integrate the product to an existing datacenter or network. As explained by Plaintiff in the materials submitted with the visa petition, Mr. Hong's level of knowledge and expertise with the company's proprietary software tools is singular, specifically because he has authored so many of the company protocols for design improvements and implementation of this technology. As shown by Plaintiff, Mr. Hong is also unusually well-versed in EfficientIP's software development processes with respect to crucial technologies such as NetChange, Project High Availability, Project Virtualization and Cloud, and Domain Name System (DNS). Accordingly, his knowledge and expertise are pivotal to the successful integration and applicability of new software and technology for the customers. Id.

24.     USCIS issued a Request for Evidence ("RFE") on November 14, 2019, and requested additional evidence to demonstrate that Mr. Hong possessed specialized knowledge qualifying him to perform the intended services in the United States; that Mr. Hong's current

position at EfficientIP France involves specialized knowledge; and that Mr. Hong's proposed position at EfficientIP USA also involves specialized knowledge. *See* EfficientIP_L-1B_Record 329-334.

25. Plaintiff submitted its timely response on February 7, 2020[3], and, along with substantial evidence documenting Mr. Hong's specialized knowledge of EfficientIP technologies and the specialized knowledge involved in both his position at EfficientIP France and EfficientIP USA, attached a support letter from David Williamson, Chief Executive Officer of EfficientIP USA ("Employer Response Letter"). This letter provided highly detailed explanations of the beneficiary's unique knowledge obtained through his over seven years with the company, including an explanatory description of each proprietary technology unique to EfficientIP and how Mr. Hong's knowledge is applied in deploying the technology to each customer's network environment and training a team of programmers and engineers, among other responsibilities. *See* EfficientIP_L-1B_Record 346-349.

26. Additionally, Plaintiff submitted a support letter from Jean-Yves Bisiaux, Chief Executive Officer of EfficientIP France, which also provided highly detailed explanations of the beneficiary's unique knowledge obtained through his over seven years with the company, including project specifications authored by Mr. Hong, explanatory descriptions of each proprietary technology unique to EfficientIP and how Mr. Hong's knowledge is applied in deploying the technology to each customer's network environment and training a team of programmers and engineers, among other responsibilities. *See* EfficientIP_L-1B_Record 338-344.

27. The Employer Response Letter asserts that the beneficiary "possesses truly unique

---

[3] The Denial notice incorrectly cites on two occasions the date November 22, 2019 as the date of EfficientIP USA's RFE response submission.

and 'special' knowledge that is not easily obtained, taught, or transferred in a similar field in comparison" in addition to expressly stating that Mr. Hong "extensively engaged with and, ***more specifically, authored specifications*** for multiple EfficientIP's software development and implementation projects." (Emphasis added). *See* EfficientIP_L-1B_Record 346.

28. Plaintiff also states Mr. Hong is the lead engineer and developer of each project, and included a highly detailed breakdown of the beneficiary's specific efforts in revising and customizing the technologies in accordance with technological developments over time. This must be done to not only improve the technology, but to ensure its seamless integration with existing technological environments within EfficientIP and the company's customers. *See* EfficientIP_L-1B_Record 346-349.

29. Additionally, Plaintiff provided an exhibit that constituted a summary of Mr. Hong's research and development projects, in addition to project specifications authored by Mr. Hong throughout his tenure at EfficientIP. As the author of the specifications, as documented by the Plaintiff, there is no other employee within the company whose knowledge would rise to a comparable level of specialization. Indeed, this was expressly stated by EfficientIP in its Employer Response Letter. *See* EfficientIP_L-1B_Record 350-537; EfficientIP_L-1B_Record 346-349.

30. In responding to the Service's Request for Evidence, Plaintiff submitted the following additional documentation, uncontroverted by Defendants, as evidence of the specialized knowledge nature of the role:

- A second letter of support (Employer Response Letter) signed by the CEO of EfficientIP USA including a proposed job description indicating 100% of his time would be spent on job duties that involved specialized knowledge, detailed

explanations of the beneficiary's unique knowledge obtained at EfficientIP France, explanatory descriptions of each proprietary technology unique to EfficientIP, descriptions demonstrating how Mr. Hong's knowledge is applied in deploying the technology to each customer's network environment, and details regarding implementation of training for a team of programmers and engineers;

- A letter of support signed by the CEO of EfficientIP France including a current job description describing job duties that involved specialized knowledge, detailed explanations of the beneficiary's unique knowledge obtained at EfficientIP France, explanatory descriptions of each proprietary technology unique to EfficientIP, descriptions demonstrating how Mr. Hong's knowledge is applied in deploying the technology to each customer's network environment, and details regarding implementation of training for a team of programmers and engineers; and

- Copies of a summary of Mr. Hong's research and development projects;

- Copies of twenty-three (23) individual specifications authored by Mr. Hong for nine EfficientIP projects.

31. USCIS ultimately denied Plaintiff's petition on February 19, 2020. Without properly addressing the ample evidence submitted by the Plaintiff and focusing entirely on a general review of the support letters, the denial baselessly concludes that Plaintiff did not establish that the beneficiary possessed specialized knowledge, and that the position abroad and the proposed position in the United States does not involve specialized knowledge. *See* EfficientIP_L-1B_Record 541-548.

32. Defendants failed to accord any evidentiary weight to the statements in Plaintiff's

Employer Response Letter and the letter from EfficientIP France, notwithstanding the fact that Defendants had no basis to find such statements not credible.

33. Defendants' failure to accord evidentiary weight to the statements in the Employer Response Letter from EfficientIP France is patently inconsistent with the agency's own precedent, <u>Matter of Treasure Craft of California</u>, 14 I. & N. Dec 190 (Reg. Comm. 1972), which affirms that a petitioner's statement should be accorded evidentiary value unless contradicted by other evidence in the record.

34. Defendants failed to fully consider, and to accord appropriate evidentiary weight to, the substantial details provided in the letters supplied by EfficientIP USA and EfficientIP France, details that were supported by other probative evidence in the record. This failure is, in and of itself, arbitrary and capricious. Indeed, a recent decision from this Court established that a company declaration is a "key piece of evidence" that must be carefully considered by the Service in issuing a decision, and that the failure to consider this evidence was arbitrary and capricious. *See* <u>Barchart.com v. Koumans</u>, No. 19-cv-00556, 2020 US Dist. LEXIS 27974 (D.D.C. Feb. 19, 2020). Indeed, as the L-1B classification requires knowledge that is highly specialized within a company or organization, and as Plaintiff provided highly detailed statements showing the singularity of Mr. Hong's knowledge within the company, these credible and detailed company statements should be among the best sources of probative information regarding such knowledge. Yet Defendants rejected this evidence without basis.

35. Defendants also failed to accord any evidentiary weight to the copies of the summary of Mr. Hong's research and development projects, and the twenty-three (23) individual specifications originally authored by Mr. Hong for nine EfficientIP projects.

36. Defendants attacked the documentation provided by the Plaintiff demonstrating

the beneficiary's specialized knowledge because, according to Defendants, these documents did not demonstrate that the creation of these specifications required the use of knowledge that was deemed specialized as opposed to the skills required to merely use such tools and methodologies. *See* EfficientIP_L-1B_Record 543. However, the Employer Response Letter clearly states that the specifications were originally authored by Mr. Hong, whose responsibility is to adapt and develop the existing software for the needs of EfficientIP's clients and use EfficientIP's proprietary tools and processes. Therefore, Mr. Hong's specialized knowledge essentially lies in his development and implementation of the customization of Efficient IP's proprietary tools – methodologies he originated and has consistently applied an improved over the past seven years. *See* EfficientIP_L-1B_Record 346-349.

37. Defendants state that Plaintiff "failed to demonstrate that the beneficiary's combination of experience, work assignments, and knowledge of the petitioner's products has given him knowledge that is distinct or uncommon compared…to others within the petitioning company or that is greatly developed or further along in progress, complexity, and understanding in comparison to other workers in the employer's operations." *See* EfficientIP_L-1B_Record 543. However, the support letters from EfficientIP France and EfficientIP USA detail Mr. Hong's substantial hands-on knowledge and experience working with the technologies, which he would then use as the foundation to train his colleagues. Plaintiff also described Mr. Hong's role as the lead engineer and developer for several projects in addition to the proficient knowledge he possessed for each project that would be further utilized for customers in the United States. *See* EfficientIP_L-1B_Record 31-35; 338-349.

38. Defendants further state that Plaintiff's letters made "broad claims about the beneficiary's level of qualifications." This conclusion is simply not supported by the substantial

and detailed evidence in the record.  *See* EfficientIP_L-1B_Record 543.

39. Defendants mischaracterize Mr. Hong's specialized knowledge in stating that "the beneficiary is familiar, and has experience with [EfficientIP's] processes, methodologies, tools, and platform." *See* EfficientIP_L-1B_Record 542. As previously described, Mr. Hong is more than "familiar" with EfficientIP's core technologies. Plaintiff's letters describe Mr. Hong's specialized knowledge as expert-level knowledge gained through over seven years at EfficientIP France. *See* EfficientIP_L-1B_Record 31-35; 338-349. In addition, Plaintiff demonstrated through the specifications that Mr. Hong authored that he specifically developed methodologies for implementing the company's core technologies. *See* EfficientIP_L-1B_Record 350-537. This evidence is probative notwithstanding the fact that Plaintiff did not specifically compare Mr. Hong's specialized knowledge against his colleagues, because of the other indicia of authenticity inherent in the evidence, as discussed above. Moreover, Defendants do not, and indeed, cannot, allege that the support letters and authored specifications were not credible. *See* EfficientIP_L-1B_Record 31-35; 338-349.

40. A review of the administrative record shows that EfficientIP USA clearly demonstrated by a preponderance of the evidence that Mr. Hong possesses specialized knowledge, has been employed in a specialized knowledge position abroad, and will be employed in a specialized knowledge position in the United States, which meets the definition as laid out by the regulation at 8 CFR § 214.2(l)(1)(ii) that is necessary to establish that the beneficiary had served and will serve in a specialized knowledge capacity.

41. The evidence submitted by EfficientIP USA to demonstrate that Mr. Hong possesses specialized knowledge, has been employed in a specialized knowledge position abroad, and will be employed in a specialized knowledge position in the United States more than

meets the requirements of the applicable regulations as the evidence was substantial, relevant, probative and credible. Indeed, if Defendants reject evidence such as the type submitted by Plaintiff to show that their employee possesses specialized knowledge, it is unclear what type of evidence would be acceptable to meet the legal standard for "specialized knowledge." In other words, notwithstanding statute, regulation and policy guidance, Defendants in their adjudication impermissibly create a new standard that is impossible to understand or meet.

42. Defendants arbitrarily and capriciously dismissed, without meaningful evaluation, relevant, probative evidence showing that the specialized knowledge threshold factors were satisfied under a preponderance of the evidence standard.

43. This denial leaves the Petitioner without feasible options to fulfill the specialized knowledge role of Senior IT Developer in the United States.

44. Unless the Court vacates and orders reversal of the denial of EfficientIP USA's petition, the company will not be able to fill a crucial senior specialized knowledge role within the U.S. operations.

**Exhaustion**

45. The February 19, 2020, denial by USCIS of EfficientIP USA's petition constitutes a final agency action under the APA, 5 U.S.C. § 704. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

46. Under 5 U.S.C. §§ 702 and 704, EfficientIP USA has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

**CAUSE OF ACTION**

**COUNT I**

**Administrative Procedure Act Violation (5 U.S.C. § 706)**

47. Plaintiff incorporates the allegations set forth in the preceding paragraphs.

48. Defendants' denial of the Plaintiff's nonimmigrant petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

49. No rational connection exists between the conclusions asserted by USCIS in its denial and the facts in the record.

**REQUEST FOR RELIEF**

The Plaintiff requests that this Court grant the following relief:

1. Declare the Defendants' denial of EfficientIP USA's L-1B petition was arbitrary and capricious, and not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A), the INA and the regulations;

2. Vacate the denial and order Defendants within ten days to promptly approve the nonimmigrant petition along with the requested change of nonimmigrant status for the full period requested in the petition;

3. Award Plaintiff its costs in this action; and

4. Grant any other relief that this Court may deem proper.

Dated: June 2, 2020                                MORGAN, LEWIS & BOCKIUS LLP

                                                   By:/s/ Eleanor Pelta
                                                      Eleanor Pelta (DC Bar No. 418076)
                                                      eleanor.pelta@morganlewis.com

                                                   1111 Pennsylvania Avenue, NW
                                                   Washington, DC  20004
                                                   Telephone:       +1.202.739.3000
                                                   Facsimile:       +1.202.739.3001

                                                   Attorneys for Plaintiff